1
2
3
4
5
6

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Oct 18, 2021**

SEAN F. McAVOY, CLERK

7
8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

9

UNITED STATES OF AMERICA,

No. 2:19-CR-00212-RMP

10

Plaintiff,

Plea Agreement

11

12

v.

13
14
15
16

ANGELA ROSE ROULLIER
(a/k/a "Angela Rose Moline,"
a/k/a "Angelina Rose Moline,"
a/k/a "Angela Rose Cook,"
a/k/a "Angelina Rose Cook"),

17

Defendant.

18
19
20
21
22

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, and Defendant Angela Rose Roullier ("Defendant"), both individually and by and through Defendant's counsel, Mr. Tracy Collins, agree to the following Plea Agreement:

23

    1.    Guilty Plea and Maximum Statutory Penalties:

24
25
26
27

Defendant agrees to plead guilty to Count One of the Indictment filed on December 18, 2019, which charges Defendant with Distribution of 50 Grams or More of Actual (Pure) Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), a Class A felony.

28

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 1

1    Defendant understands that Possession With Intent to Distribute 50 Grams or

2  More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

3  (b)(1)(A)(viii), carries the following potential penalties: a term of imprisonment of not

4  less than 10 years and up to a lifetime; a term of supervised release of not less than 5

5  years and up to a lifetime; a fine of up to $10,000,000; a $100 special penalty

6  assessment; and the denial of certain federal benefits as set forth below.  Defendant

7  understands that a violation of any condition of supervised release carries an

8  additional penalty of re-imprisonment for all or part of the term Defendant's

9  supervised release without credit for time previously served on post-release

10 supervision.

11    2.   Denial of Federal Benefits:

12    Defendant understands that by entering the plea of guilty to Count One of the

13 Indictment, Defendant will no longer be eligible for assistance under any state

14 program funded under part A of title IV of the Social Security Act (concerning

15 Temporary Assistance for Needy Families) or benefits under the food stamp program

16 or any state program carried out under the Food Stamp Act.  *See* 21 U.S.C. § 862a.

17 Further, the Court may deny Defendant's eligibility for any grant, contract, loan,

18 professional license, or commercial license provided by an agency of the United

19 States or by appropriated funds of the United States.  *See* 21 U.S.C. § 862.

20    3.    The Court is Not a Party to the Agreement:

21    The Court is not a party to this Plea Agreement and may accept or reject this

22 Plea Agreement.  Sentencing is a matter that is solely within the discretion of the

23 Court.  Defendant understands that the Court is under no obligation to accept any

24 recommendations made by the United States and/or by Defendant; that the Court will

25 obtain an independent report and sentencing recommendation from the U.S. Probation

26 Office; and that the Court may, in its discretion, impose any sentence it deems

27 appropriate up to the statutory maxima stated in this Plea Agreement.

28

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 2

1    Defendant acknowledges that no promises of any type have been made to

2  Defendant with respect to the sentence the Court will impose in this matter.

3    Defendant understands that the Court is required to consider the applicable

4  Sentencing Guidelines range, but may depart upward or downward under the

5  appropriate circumstances.

6    Defendant also understands that absent the application of the so-called "Safety

7  Valve" provisions of 18 U.S.C. § 3553(f) (the "Statutory Safety Valve") and U.S.S.G.

8  §§ 2D1.1(b)(18), 5C1.2(a) (the "Guidelines Safety Valve"), the Court will sentence

9  Defendant to a custodial sentence no shorter than 10 years.

10    Pursuant to *Class v. United States*, --- U.S. ---, 138 S. Ct. 798, 805 (2018) and

11  *Peretz v. United States*, 501 U.S. 923, 936-37, 111 S. Ct. 2661 (1991), Defendant

12  specifically waives all challenges to the constitutionality of the statute or statutes of

13  conviction.

14    Defendant acknowledges and agrees that any filed motions are hereby mooted,

15  and Defendant agrees not to file or pursue any new pretrial motions.

16    4.    Effect on Immigration Status:

17    Defendant recognizes that pleading guilty may have consequences with respect

18  to Defendant's immigration status if Defendant is not a citizen of the United States.

19  Under federal law, a broad range of crimes may be removable offenses, including the

20  offense to which Defendant is pleading guilty.  Removal and other immigration

21  consequences are the subject of a separate proceeding, however, and Defendant

22  understands that while deportation and/or removal appears to be a virtual certainty if

23  Defendant is not a citizen of the United States, no one, including Defendant's attorney

24  or the District Court, can predict with absolute certainty the effect of Defendant's

25  conviction on Defendant's immigration status.  Defendant nevertheless affirms that

26  Defendant wants to plead guilty regardless of any immigration consequences that

27  Defendant's guilty plea may entail, even if automatic removal from the United States

28  is a virtual certainty if Defendant is not a United States citizen.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 3

1    5.    Waiver of Constitutional Rights:

2        Defendant understands that by entering this plea of guilty, Defendant is

3    knowingly and voluntarily waiving certain constitutional rights, including:

4            a.    The right to a jury trial;

5            b.    The right to see, hear and question the witnesses;

6            c.    The right to remain silent at trial;

7            d.    The right to testify at trial; and

8            e.    The right to compel witnesses to testify.

9        While Defendant is waiving certain constitutional rights, Defendant understands

10    that Defendant retains the right to be assisted through the sentencing and any direct

11    appeal of the conviction and sentence by an attorney, who will be appointed at no cost

12    if Defendant cannot afford to hire an attorney.

13    6.    Elements of the Offense:

14        The United States and Defendant agree that to convict Defendant of

15    Distribution of 50 Grams or More of Actual (Pure) Methamphetamine, in violation of

16    21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the United States would have to prove the

17    following elements beyond a reasonable doubt:

18            a.    *First*, on or about August 27, 2019, in the Eastern District of

19                Washington, Defendant knowingly distributed actual (pure)

20                methamphetamine to another person;

21            b.    *Second*, Defendant knew that the substance Defendant was

22                distributing was in fact actual (pure) methamphetamine; and

23            c.    *Third*, the quantity of actual (pure) methamphetamine that

24                Defendant knowingly distributed was 50 grams or more.

25    7.    Factual Basis and Statement of Facts:

26        The United States and Defendant stipulate and agree that the following facts are

27    accurate; that the United States could prove these facts beyond a reasonable doubt at

28    trial; and that these facts constitute an adequate factual basis for Defendant's guilty

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 4

1    plea.  This statement of facts does not preclude either party from presenting and

2    arguing, for sentencing purposes, additional facts which are relevant to the Guidelines

3    computation or sentencing, unless otherwise prohibited in this agreement.

4         In August 2019, Defendant communicated with a person who was,

5    unbeknownst to Defendant, working as a Confidential Informant ("CI") for the Drug

6    Enforcement Administration ("DEA").  The purpose of Defendant's communications

7    with the CI was to arrange methamphetamine transactions in which Defendant would

8    sell the CI methamphetamine.

9         On August 27, 2019, at DEA's direction, the CI arranged via text messages to

10   purchase a pound of methamphetamine from Defendant at a Krispy Kreme donut

11   parking lot in Spokane Valley, within the Eastern District of Washington.

12        DEA provided the CI with a recording device, performed standard pre-buy

13   search protocols, and surveilled the controlled purchase.  Surveillance agents at

14   Defendant's home observed Defendant get into a truck with another person, and drive

15   to a marine store in Spokane Valley, where they picked up a boat.  DEA surveillance

16   agents followed the truck and saw that it appeared to have mechanical trouble, and

17   pulled over near Spokane Community College.  A black Charger arrived, driven by an

18   unknown male.  The unknown male got out, and Defendant got into the Charger

19   alone.  Defendant then sent the CI a text message to confirm that Defendant was

20   heading to meet the CI at Krispy Kreme.

21        DEA agents were also surveilling at Krispy Kreme.  The CI arrived, got into the

22   passenger side of the Charger for a few seconds, got back out, walked around to the

23   trunk, opened the trunk, and took out a black backpack.  The CI then got back into the

24   Charger and paid Defendant $5,000 in DEA funds for a pound of methamphetamine,

25   which was double-heat-sealed with red axle grease and plastic wrap.  The CI drove

26   away and met up with DEA agents, who performed standard post-buy search

27   protocols and recovered the pound of methamphetamine that the CS had just

28   purchased from Defendant.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 5

DEA agents field-tested the substance inside the package, which field-tested positive for methamphetamine.  With packaging, the package weighed 493 grams.

DEA interviewed the CI, who confirmed that the CI had been texting with Defendant, and that Defendant had told the CI to get the methamphetamine from the back of the Charger.  The CI confirmed that the CS paid Defendant $5,000 for one pound of methamphetamine.  Defendant acknowledges that she knowingly distributed more than 50 grams of pure methamphetamine to the CI on August 27, 2019.

Defendant also acknowledges that on October 7, 2019, she conducted a second methamphetamine deal with the CI, similar to the first, in which she knowingly distributed approximately 555 grams of pure methamphetamine to the CI (including packaging).

Defendant also acknowledges that on September 17, 2019, she facilitated another methamphetamine deal with the CI, in which she knowingly arranged for the distribution of approximately another pound of pure methamphetamine to the CI through her mother-in-law, Rebecca Jo Wiklund.  On that occasion, the total amount of methamphetamine that Defendant knowingly arranged to distribute to the CI was 531 grams, including packaging, and consisted of more than 150 grams and less than 500 grams of pure (actual) methamphetamine.  Defendant acknowledges that she was responsible for between 500 grams and 1.5 kilograms of pure methamphetamine (actual) for purposes of the United States Sentencing Guidelines.

8.    The United States' Agreements:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based on information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement.  Defendant understands that the United States is free to criminally prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 6

At sentencing, the United States agrees to dismiss Count Two of the Indictment filed on December 18, 2019.  ECF No. 1.  As part of its obligations in this Plea Agreement, the United States also agrees not to prosecute Defendant for her role in the September 17, 2019, methamphetamine deal set forth in the Factual Basis above.

9.    United States Sentencing Guideline Calculations:

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

a.    Base Offense Level:

The United States and Defendant agree that Defendant's base offense level is 34, based on a drug quantity, including relevant conduct, of between 500 and 1.5 kilograms of actual (pure) methamphetamine.  *See* U.S.S.G. § 2D1.1(a)(5), (c)(3); U.S.S.G. § 1B1.3(a).

b.    Specific Offense Characteristics:

The United States and Defendant have no agreement about the application of other specific offense characteristics under the Guidelines.

c.    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this Plea Agreement for filing with the Court prior to October 8, 2021, the United States will move for a three-level downward adjustment in offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).  Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense or tests positive for any controlled substance.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 7

1      d.    Criminal History:

2      The United States and Defendant understand that Defendant's criminal history

3  computation is tentative and that ultimately Defendant's criminal history category will

4  be determined by the Court after review of the Presentence Investigative Report.

5      The United States and Defendant have made no agreement and make no

6  representations as to the criminal history category, which will be determined after the

7  Presentence Investigative Report is completed.

8      10.    Application of the Statutory and Guidelines Safety Valves:

9      The United States and Defendant acknowledge that Defendant's criminal

10  history may not exclude her from eligibility for the so-called Safety Valve provisions

11  of 18 U.S.C. § 3553(f) (the "Statutory Safety Valve") and U.S.S.G. §§ 2D1.1(b)(18),

12  5C1.2(a) (the "Guidelines Safety Valve").  The United States and Defendant

13  understand that if the Court finds that Defendant meets each of the five criteria for the

14  Statutory Safety Valve set forth at 18 U.S.C. § 3553(f)(1)-(5), the Court shall impose

15  a sentence in accordance with the applicable Sentencing Guidelines, without regard to

16  any statutory minimum sentence.  Likewise, the United States and Defendant

17  understand that if the Court finds that Defendant meets each of the five criteria for the

18  Guidelines Safety Valve set forth at U.S.S.G. §§ 2D1.1(b)(18), 5C1.2(a), the Court

19  shall reduce her offense level under the Guidelines by two levels.

20      However, Defendant understands that at the time of the entry of the Plea

21  Agreement, she has not met the fifth of the five Safety Valve requirements, which is

22  that prior to sentencing, Defendant must truthfully provide the United States with all

23  information and evidence Defendant has concerning the offense or offenses that were

24  part of the same course of conduct or of a common scheme or plan.  *See* 18 U.S.C.

25  § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).  Defendant understands that the determination

26  of whether Defendant has been truthful and/or complete regarding the information she

27  provides to the United States shall be in the sole discretion of the United States

28  Attorney's Office for the Eastern District of Washington.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 8

Defendant understands that unless and until she meets this fifth criterion, she is ineligible for both the Statutory and Guidelines Safety Valves, and the Court: (a) must impose a sentence of at least 10 years under 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and (b) cannot reduce Defendant's Guidelines offense level by two levels under U.S.S.G. § 2D1.1(b)(18).

11.    Incarceration:

The United States agrees to recommend a sentence of incarceration no higher than the 120-month mandatory minimum sentence if it applies.

The United States agrees to recommend a sentence of incarceration no higher than the low end of the Sentencing Guidelines range, as calculated by the United States, if the Statutory and Guidelines Safety Valves apply.

Defendant may recommend any legal sentence.

12.    Supervised Release:

The United States and Defendant each agree to recommend that the Court impose a 10-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

    a.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs, not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

    b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

13.    Criminal Fine:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 9

1    14.    Forfeiture:

2    The parties agree that forfeiture applies.  *See* 21 U.S.C. § 853. With respect to

3    forfeiture, the parties agree to the following:

4    a.    Forfeitable Property

5    The United States shall seek a forfeiture money judgment but will not seek to

6    forfeit specific property except as set forth in this Plea Agreement or authorized by

7    law.  The United States will not seek to forfeit proceeds in an amount exceeding what

8    Defendant actually obtained as a result of the crime.  *See Honeycutt v. United States*,

9    137 S. Ct. 1626 (2017).

10    b.    Money Judgment

11    Defendant agrees to forfeit to the United States all right, title, and interest in the

12    following property: a money judgment, in the amount of $5,000.00 in U.S. currency,

13    which represents the amount of proceeds Defendant obtained as a result of the illegal

14    conduct in the charge to which she is pleading guilty.  The United States agrees it will

15    not seek to forfeit specific property, except as set forth in this Plea Agreement or

16    authorized by law.  The United States will not seek to forfeit proceeds in an amount

17    exceeding what Defendant actually obtained as a result of the crime.  *See Honeycutt*.

18    c.    Substitute Property

19    Defendant understands the United States may seek for Defendant to forfeit

20    substitute property in satisfaction of the money judgment if the United States can

21    establish the following regarding the above-described property (*i.e.*, the money

22    judgment): a) it cannot be located upon the exercise of due diligence; b) it has been

23    transferred or sold to, or deposited with, a third party; c) it has been placed beyond the

24    Court's jurisdiction; d) it has substantially diminished in value; e) it has been

25    commingled with other property and cannot be divided without difficulty.  18 U.S.C.

26    § 982(b)(1); 21 U.S.C. § 853(p).  The United States will not seek to forfeit substitute

27    property from other defendants or co-conspirators; it may only forfeit substitute

28    property from Defendant.  *See* 21 U.S.C. § 853(p).

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 10

15.    Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

16.    Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

18.    Waiver of Appeal Rights and Collateral Attack:

Defendant is aware that 18 U.S.C. § 3742 affords her certain appeal rights. Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal her conviction and/or sentence.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's mental competence, plea, conviction, and/or sentence, including motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

If Defendant successfully moves to withdraw or vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on the count to which she is

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 11

pleading guilty, then: (1) this Agreement shall become null and void; (2) the United States may prosecute Defendant on any count to which she has pleaded guilty; (3) the United States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement; (4) the United States may file any new charges that would otherwise be barred by this Agreement; and (5) the United States may prosecute Defendant on all available charges involving or arising from the incidents charged in the Indictment. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, Defendant agrees to waive any objections, motions, and defenses she might have to the United States' decision, including Double Jeopardy.

In particular, Defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.  Defendant waives her right to appeal any fine, Special Assessment, or terms of supervised release imposed by the Court.  Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

19.    Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.  This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 12

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

*/s/ David M. Herzog*                                              October 8, 2021
_____                          _____
David M. Herzog                                                   Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____                          _____
Angela Rose Roullier                                              Date   10/8/21
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____                          _____
Tracy Collins                                                     Date   10/8/21
Attorney for Defendant

ROULLIER PLEA AGREEMENT – METHAMPHETAMINE DISTRIBUTION – 13